UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ANA GEIGEL-CRUZSOTO<br>    Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY, INC.<br>JOHN DOES, and JANE DOES<br>    Defendants, | Civil Action No.<br>5:12-cv-200 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Ana Geigel-Cruzsoto, an individual consumer, against Defendants' violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; against Defendants' violations of the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 *et seq.*, (hereinafter "TDCA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Because Defendant transacts business here, personal jurisdiction is established.

## III.   PARTIES

4. Plaintiff, Ana Geigel-Cruzsoto (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Lubbock County, in the state of Texas.

5. Defendant, Performant Recovery, Inc. (hereinafter "PRI") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County, in the state of California.

6. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant John Does are "debt collectors" as that term is defined

by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant <u>Jane Does 1-10</u> (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendant PRI acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. Sometime before 2012, Plaintiff, Ana Geigel-Cruzsoto, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff Ana Geigel-Cruzsoto.

12. The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Defendants then within one year prior to the filing of this complaint, contacted Plaintiff and harassed Plaintiff in attempts to collect on her alleged debt; seeking and demanding payment for an alleged consumer debt owed under an account number.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendants, during communications directed to Ana, did not state that Defendants were debt collectors, attempting to collect on a debt, and that any information obtained would be used for that purpose.

15. Upon information and belief, within one year prior to the filing of this complaint, Defendants called Ana while she worked, without her express or implied consent, and without the calls being for emergency purposes, after having already been given reason to know that calls while she worked were prohibited, and inconvenienced her.

16. Upon information and belief, within one year prior to the filing of this complaint, Defendants alerted Ana's superior at work to her alleged debt, without her consent, in violation of the FDCPA.

17. As a result of the acts alleged above, Defendants caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

18. Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, embarrassment, emotional distress, frustration, and upset, amongst other negative emotions.

19. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## V.   *CAUSES OF ACTION*

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

20. Plaintiff Ana Geigel-Cruzsoto repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

    (a) Defendants violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692d* of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the foregoing[;] and

    (c) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to

collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and

(d) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and without the contact being in a manner covered by *§1692b* of the FDCPA; and

(e) Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

22. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

# COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
Tex. Fin. Code Ann. § 392 *et seq.*

23. Plaintiff Ana Geigel-Cruzsoto repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

25. Defendants violated TDCA. Defendant's violations of TDCA include, but are not limited to the following:

   (a) Defendants violated TDCA § 392.302(4) by oppressing, harassing or abusing a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number; and

   (b) Defendants violated TDCA § 392.304(5)(A) by in debt collection or obtaining information concerning a consumer, using fraudulent, deceptive, or misleading representation that employs as a third-party debt collector, failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, when the communication was a subsequent oral communication between the third-party debt collectors and the debtor.

26. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the foregoing violations of the TDCA, Defendants are liable to the Plaintiff Ana Geigel-Cruzsoto for actual damages, statutory damages, attorney's fees, interests and costs, as a result of a violation of the TDCA.

## COUNT III.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. Plaintiff Ana Geigel-Cruzsoto repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

30. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

31. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Ana, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Ana's privacy.

32. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Ana, namely, by repeatedly and unlawfully contacting her while she worked after having been given reason to know that this was prohibited and/or inconvenienced her, and thereby invaded Ana's right to privacy.

33. Defendants and their agents intentionally and/or negligently caused emotional harm to Ana by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Ana's right to privacy.

34. Ana had a reasonable expectation of privacy in Ana's solitude, seclusion, private concerns and affairs.

35. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Ana, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

36. Defendants' acts as described above were done intentionally with the purpose of coercing Ana to pay the alleged debt.

37. As a result of such intrusions and invasions of privacy, Defendants are liable to Ana for actual damages in an amount to be determined at trial from each and every Defendant.

## VI.   *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff Ana Geigel-Cruzsoto respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; actual damages from each Defendant pursuant to the TDCPA for the emotional distress suffered as a result of the intentional and/or negligent TDCPA violations; in amounts to be determined at trial and for Plaintiff; and actual damages from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

B. Statutory damages from each Defendant.

C. Statutory damages from each Defendant pursuant to TDCPA.

D. Costs and reasonable attorney fees from each Defendant and for Plaintiff.

E. For such other and further relief as the Court may deem just and proper.

Dated:  November 5, 2012                           RESPECTFULLY SUBMITTED,
                                                   By: /s/ Kevin Crick
                                                   Kevin Crick
                                                   BBO: 680950
                                                   Consumer Rights Law Firm, PLLC
                                                   300 Brickstone Square, Suite 902
                                                   Andover, Massachusetts 01810
                                                   Phone: (978) 212-3300
                                                   Fax: (978) 409-1846
                                                   kevinc@consumerlawfirmcenter.com
                                                   **Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Ana Geigel-Cruzsoto demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.